IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CONSTANTINE ANGUS,** )<br>    **PLAINTIFFS,** )<br> )<br>  -versus- )<br> )<br>**CWS INVESTMENTS, INC.,** )<br>    **DEFENDANT.** ) | **CIVIL ACTION NO.**<br>**1:24-cv-00478-ELR-JEM** |

### PLAINTIFF'S MOTION FOR CONTEMPT

**COMES NOW** the plaintiff, who moves this court to impose an order and sanctions against the defendant for contempt, pursuant to 18 USC § 401(3) and 18 USC § 402, and in support thereof, states as follows:

On 02/01/2024, the Honorable Karen Beyers of the Gwinnett County Superior Court entered an order in Gwinnett Superior Court CAFN: 24-A-00569-5, directing that *"(t)he Defendant is restrained and enjoined from foreclosing, selling or exercising any nonjudicial power of sale granted in the security deed at Gwinnett Deed Book 47597, page 348, against the real property and improvements at 2128 E. Main Street, Snellville, GA 30078, for a period not to exceed thirty (30) days, unless extended with the consent of the parties."* The order was received by the defendant's attorney, Brian Goldberg, on 02/01/2024 at 1:07 p.m. The defendant's attorney confirmed receipt of the order on 02/01/2024, at 4:57 p.m.

1

Since receiving notice of the TRO, the defendant has not only violated and failed to comply with the TRO but has admitted to the plaintiff's undersigned attorney that the defendant has continued unabated with the foreclosure proceedings since the entry of the order. In a phone discussion at approximately 3:00 p.m. on 02/05/2024 with the plaintiff's undersigned attorney, defendant's attorneys, Brian Goldberg and Cameron Regnery, admitted to the defendant's intentional non-compliance with the TRO by stating that the plaintiff's property remained on the list of properties to be auctioned at the Gwinnett County foreclosure sale, commencing this morning, 02/06/2024, at 10:00 a.m. The defendant's attorneys further stated that they and the defendant have not ceased the foreclosure proceedings as it is their intention, and their client's intention, to sell the plaintiff's property at the 02/06/2024 sale.

The defendant's attorneys have acknowledged the existence of the TRO and the conduct enjoined by the state court but have made no effort to comply. The defendant is intentionally violating the order and knowingly subjecting the plaintiff's property to the risk of sale through the foreclosure proceedings while the TRO remains in place. The defendant's continuation of the foreclosure proceedings does not simply violate the TRO, but recklessly and unreasonably invites the irreparable injury and harm that the TRO was designed to prevent. The defendant has taken no steps to comply with the order by their own

2

admission. The auction sale in Gwinnett County is conducted by a third-party vendor, Auction.com. The defendant and its attorneys have no direct authority or control over the time, manner, or order in which the plaintiff's property is cried by the auctioneer.

To determine whether the defendant has violated the TRO, the Court looks to see "*whether the defendants took all reasonable steps within their power to comply with the court's order."* Peppers v. Barry, 873 F.2d 967 (6th Cir. 1989). As the TRO was granted to stop the foreclosure proceedings initiated by the defendant, the "reasonable steps" expected from the defendant are the same as if it had received an automatic stay in bankruptcy. See Connor v. Prop. Fund 629, LLC (In re Connor), 641 B.R. 875 (Bankr. M.D. Tenn. 2022), "*In instances in which a foreclosure sale has been put in motion pre-petition, creditors have an affirmative duty to stop the sale from continuing once they receive actual notice of a debtor's bankruptcy filing*."

While it is clear from the defendant's arguments in the motion to dissolve that it believes the state court order to be erroneous, the defendant was and is still obligated to comply with the spirit and letter of the temporary restraining order.[1]

---

[1] See Maness v. Meyers, 419 U.S. 449 (1975), "*It is in the public interest and the orderly and expeditious administration of justice that an order of a court with jurisdiction over the subject matter and the person must be obeyed by the parties until it is reversed by proper proceedings*." See also Trohimovich v. Comm'r of Internal Revenue , 77 T.C. 252 (T.C. 1981), "*Even when a Court issues an order which it had not the power or authority to issue, in matters of criminal contempt the disobedient party may be held and appropriately punished. This is true if the order is later found to have been invalid, even to the extent of infringing constitutional rights.*"

3

The only appropriate defense for the defendant's non-compliance is that it was unable to comply due to events beyond its control.[2] The defendant has not made that assertion or provided any explanation for its failure to comply with the order.

**WHEREFORE**, the plaintiff moves this Court for an order finding the defendant to be in contempt of the temporary restraining order entered on 02/01/2024, and to impose sanctions to coerce the defendant's immediate compliance with the spirit and letter of the order, and to impose sanctions to punish the defendant's contempt, as deemed appropriate and permitted by law.

Date: 02/06/2024

*/s/ William R. Carlisle*
William R. Carlisle
Attorney for Plaintiff
Georgia Bar No.: 110382

William R. Carlisle
**CARLISLE LAW FIRM**
4607 Cardinal Ridge Way
Flowery Branch, GA 30542
(770) 295-0175
wrclaw@gmail.com
Attorney for Plaintiff

---

[2] *See Fed. Trade Comm. v. Blaine, 308 F.Supp. 932, 933-934 (4, 5) (N.D.Ga.1970), "Ordinarily, one charged with contempt for failure to comply with a court order makes a complete defense by proving that he is unable to comply; however, the defendant's own acts cannot be responsible for his inability to comply."*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the within and foregoing PLAINTIFF'S MOTION FOR CONTEMPT has been prepared in compliance with Local Rule 5.1(B) in Times New Roman, 14-point font.

Date: 02/06/2024.

*/s/ William R. Carlisle*
William R. Carlisle
Attorney for Plaintiff
Georgia Bar No.: 110382

William R. Carlisle
**CARLISLE LAW FIRM**
4607 Cardinal Ridge Way
Flowery Branch, GA 30542
(770) 295-0175
wrclaw@gmail.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that I have on this day electronically submitted the foregoing Plaintiff's Motion for Contempt to the Clerk of Court using the Court's e-filing system, which will automatically send electronic mail notification of such filing to the following counsel of record:

    Brian.Goldberg@fmglaw.com
    Cameron.Regnery@fmglaw.com

    FREEMAN MATHIS & GARY, LLP
    100 Galleria Parkway, Suite 1600
    Atlanta, GA 30339

Date: 02/06/2024

    */s/ William R. Carlisle*
    William R. Carlisle
    Attorney for Plaintiff
    Georgia Bar No.: 110382

William R. Carlisle
**CARLISLE LAW FIRM**
4607 Cardinal Ridge Way
Flowery Branch, GA 30542
(770) 295-0175
wrclaw@gmail.com
Attorney for Plaintiff